# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>BENEDICTA ARREOLA (3),<br><br>                    Defendant. | Case No. 06CR0590-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER TITLE 18 U.S.C. § 3582(c)(1)(A)(i)<br><br>(Doc. No. 1214.) |

Pending before the Court is Defendant Benedicta Arreola's ("Defendant") motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 1214.) The Court appointed Federal Defenders of San Diego, Inc. under General Order 692-B (S.D. Cal. Mar. 4, 2021) to represent the Defendant in this matter. (Doc. No. 1212.) The Defendant seeks an order from the Court to reduce her imprisonment term to time served or alternatively seeks an order from the Court to grant a modest reduction of her sentence. (Id.) The Government has filed a response in opposition to the Defendant's motion (Doc. No. 1220) and the Defendant has filed her reply to the Government's opposition (Doc. No. 1221). For the reasons set forth below, the Court denies the Defendant's motion for compassionate release and denies her alternative request for a partial reduction of her sentence under § 3582(c)(1)(A)(i).

-1-

## Background

On February 26, 2008, the Defendant, with her consent, tendered a guilty plea before the Magistrate Judge for conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. §§ 841(a)(1) and 846 as charged in Count One of the Superseding Indictment, and for carrying a firearm during and in relation to, and possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18 U.S.C. § 924(c)(1) as charged in Count Two of the Superseding Indictment. (Doc. Nos. 351 and 355.) The Defendant executed a written plea agreement, and the Magistrate Judge issued his Findings and Recommendation recommending that this Court accept the Defendant's guilty plea (Doc. Nos. 356 and 357). On October 6, 2008, this Court accepted the Defendant's guilty plea. (Doc. No. 490.) On January 29, 2009, the Court sentenced the Defendant to a custodial term of 210 months on Count One and 60 months on Count Two to run consecutive for a total custodial term of 270 months, followed by a five-year concurrent term of supervised release on each count. (Doc. Nos. 559 and 560.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted).

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision

provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> 
>   (1) in any case--
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (i) extraordinary and compelling reasons warrant such a reduction; or
>       (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

For a court to have jurisdiction to hear a defendant's motion for compassionate release, a defendant must first meet the administrative exhaustion criteria set forth in §

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons ("BOP.") The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act; See also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same.)

3582(c)(1)(A). United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). As the movant, the burden rests with the Defendant to provide proof that she has met the exhaustion criteria set for the in § 3582(c)(1)(A) and to establish that "extraordinary and compelling reasons exists" to warrant her release. See United States v. Holden, 452 F. Supp. 3d 964, 969 (D. Or. 2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release."); See also United States v. Osorio-Arellanes, No. CR-11-00150-001-TUC-DCB (BGM), 2021 WL 673292, at *2 (D. Ariz. Feb. 22, 2021) (Bury, J.) ("Defendant bears the burden of proving he meets all elements of eligibility for a sentence reduction.").

In this matter, the Defendant filed a copy of her request to the Warden seeking compassionate release dated July 28, 2020. (Doc. No. 1214, Ex. A at 2.) Accordingly, given that a period of 30 days has elapsed from the date of the request, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3582(c)(1)(A). See United States v. Walters, No. 2:12-CR-00375-TLN-AC, 2021 WL 3565327, at *1 (E.D. Cal. Aug. 12, 2021) (Nunley, J.) ("Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement [under § 3582(c)(1)(A)].").

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Ninth Circuit has held that under the current version of U.S.S.G. § 1B1.13[2] "[t]he Sentencing

---

[2] U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:

Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).[3] Therefore, in the absence of binding applicable policy statements, "district courts are 'empowered ... to consider any

---

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii) The defendant is--
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.--
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

[3] Prior to Aruda, district courts were split on the issue of whether or not the policy statements contained in the current version of U.S.S.G. § 1B1.13 were binding when considering motions filed by a defendant under § 3582(c)(1)(A). The Ninth Circuit has now resolved that split within our circuit.

extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (citing United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, "[i]n exercising its discretion, this Court looks to the [non-binding] policy statement[s] for helpful guidance." United States v. Miller, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *2 (N.D. Cal. July 1, 2021) (Breyer, J.).

As an initial matter, the Court notes that although the impact of the current pandemic on the detention facilities is of course concerning to the Court, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Moreover, in light of the recent availability and efficacy of COVID-19 vaccines, the Court is less incline to grant compassionate release based on circumstances related to the pandemic. See United States v. Tsingine, No. CR-09-08132-001-PCT-GMS, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021) (Snow, C.J.) ("In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief."). Nevertheless, the existence of the pandemic is one among numerous factors the Court may consider in determining what constitutes "extraordinary and compelling reasons."

The Defendant argues that a combination of the following factors, which include certain Title 18 U.S.C. § 3553(a) factors, rise to the level of "extraordinary and compelling reasons" to justify compassionate release: the conditions of the Defendant's confinement during the pandemic; the Defendant's personal history including being a victim of rape and being a caretaker for her sister who ultimately passed away from cancer; the Defendant's rehabilitation and her community service to the BOP and her co-inmates, including providing services to the BOP and mentoring co-inmates during the pandemic despite the associated health risks of being obese during the height of the

pandemic; the Defendant's success in obtaining her GED while in custody (prior to obtaining her GED, the Defendant only had a sixth grade education and English is her second language); the letters of support from BOP staff and co-inmates; the length of the Defendant's sentence and the statistics comparing her sentence with other sentences imposed for serious crimes; the Defendant's remorse and acceptance of responsibility; the Defendant's family support; and the Defendant's desire to be with her children and her grandchildren. Under Aruda, the Court is permitted to consider any and all factors raised by the Defendant is support of her request for compassionate release.

The Court next considers the underlying criminal conduct and the rest of the § 3553(a) factors[4] in determining whether compassionate release is warranted in this case. The Defendant was heavily involved in a large-scale drug trafficking organization led by her co-defendant brother. The organization distributed huge amounts of methamphetamine and used firearms in connection with the drug trafficking ventures. The Defendant was not a minor participant in this organization as she "helped with transporting, receiving, paying for, preparing, storing, and distributing drugs" and "store[d] a gun at her home, which she handed over to a co[-]conspirator for enforcement purposes." (Doc. No. 1214 at 7.) One of the most egregious aspects of the Defendant's criminal conduct is her use of her minor child to conduct drug transactions. (Id.) Additionally, as Justice Anthony Kennedy noted, "[p]ossession, use, and distribution of illegal drugs represent 'one of the greatest problems affecting the health and welfare of our population.'" Harmelin v. Michigan, 501 U.S. 957, 1002, 111 S. Ct.

---

[4] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

-7-

2680, 2705, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring) (quoting Treasury Employees v. Von Raab, 489 U.S. 656, 668, 109 S.Ct. 1384, 1392, 103 L.Ed.2d 685 (1989)).

Accordingly, in light of the seriousness of the underlying offense, the Defendant's involvement in the offense including her decision to use her minor child to conduct drug transactions, and the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct, the Court sentenced the Defendant to a custodial term of 210 months on Count One and a consecutive custodial term of 60 months on Count Two, for a total custodial term of 270 months. Furthermore, in deciding the Defendant's sentence on Count One, "the Court consider[ed] the advisory guidelines and the fact that Count 2 is consecutive." (Doc. No. 625 at 23); See also Dean v. United States, 137 S. Ct. 1170, 1176–77, 197 L. Ed. 2d 490 (2017) ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). Balancing these factors along with the factors raised by the Defendant, the Court concludes that the aggravating facts of the underlying criminal conduct outweigh the factors in favor of compassionate release. See e.g. United States v. Mendoza, No. CR13-0238-JCC, 2021 WL 2856673, at *3 (W.D. Wash. July 8, 2021) (Coughenour, J.) ("On balance, the Court finds the § 3553(a) factors weigh against reducing [defendant's] sentence."); United States v. Fields, No. CR-18-00136-003-PHX-SMB, 2021 WL 2780873, at *4 (D. Ariz. July 2, 2021) (Brnovich, J.) ("[T]he Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release."); United States v. Gibson, No. CR 16-00746 JMS (06), 2021 WL 328913, at *5 (D. Haw. Feb. 1, 2021) (Seabright, C.J.) ("[A] consideration of the § 3553(a) factors weighs heavily against granting [compassionate release]."); United States v. Lewis, No. CR-18-00927-PHX-DGC-1, 2021 WL 847991, at *4 (D. Ariz. Mar. 5, 2021) (Campbell, J.) ("The Court finds that the § 3553(a) factors outweigh the extraordinary and compelling reasons allowing for

compassionate release.").

The Court in particular concludes that the Defendant's use of her minor child in furtherance of her drug trafficking ventures is aggravating and weighs heavily against compassionate release. See United States v. Caitano, No. CR 18-00167 HG-02, 2020 WL 5807331, at *7 (D. Haw. Sept. 29, 2020) (Gillmor, J.), reconsideration denied, No. CR 18-00167 HG-02, 2021 WL 233114 (D. Haw. Jan. 22, 2021), and aff'd, No. 21-10041, 2021 WL 4269975 (9th Cir. Sept. 20, 2021), and aff'd, No. 21-10041, 2021 WL 4269975 (9th Cir. Sept. 20, 2021) (unpublished) (Denying compassionate release for a defendant who "used a child under 18 years old… to assist her in committing the drug crimes."); See also United States v. Kennon, No. 5:18-CR-437-D, 2021 WL 1933937, at *3 (E.D.N.C. May 13, 2021) (Dever, J.) (Denying a compassionate release for a defendant who "[i]n the presence of her minor child, Kennon used and maintained her home for the purposes of distributing methamphetamine."). Moreover, granting a reduction of her sentence would undermine the purpose and negate the effects of the upward adjustment under U.S.S.G. § 3B1.4 for using her minor son to conduct drug transactions. See United States v. Gonzalez, 262 F.3d 867, 871 (9th Cir. 2001) ("[U]se of a minor is harmful whether or not the defendant's role in the offense is that of a leader or organizer.") (citing U.S.S.G. § 3B1.4).

The Court notes that at the time of sentencing the Defendant requested a nine-level downward departure and the Court declined the Defendant's request on the basis that it was unwarranted under the circumstances of this case. (Doc. No. 625 at 22.) Instead, the Court granted a two-level downward departure for a combination of factors, concluding that a downward departure of two levels was adequate to capture the Defendant's equities. (Id.) The Court holds the same belief today and concludes that granting early release now or a reduction of the Defendant's sentence would stray from the § 3553(a) factors and would not reflect the seriousness of the underlying offense. See United States v. Bongiorni, No. CR16-109RSL, 2021 WL 2413348, at *5 (W.D. Wash. June 14, 2021) (Lasnik, J.) ("The need for the sentence to reflect the seriousness

of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence disfavor granting compassionate release here."); See also United States v. Jefferson, No. 2:17-CR-00130-MCE, 2021 WL 4033248, at *3 (E.D. Cal. Sept. 3, 2021) (England, J.) ("[R]equiring Defendant to serve his full sentence is necessary to 'reflect the seriousness of his offense, promote respect for the law, [and] protect the public from further crimes of the [D]efendant.'"); United States v. Morrow, No. 8:15-CR-00099-JLS, 2021 WL 3080625, at *6 (C.D. Cal. July 21, 2021) (Staton, J.) ("[R]educing Defendant's sentence would not 'reflect the seriousness of the offense, ... promote respect for the law, and ... provide just punishment for the offense.'"); United States v. Williams, No. 13-CR-00764-WHO-1, 2021 WL 2936728, at *3 (N.D. Cal. July 13, 2021) (Orrick, J.) ("The seriousness of the offenses militates heavily against compassionate release.").

The advisory guideline range for Count One was 262 to 327 months and the ultimate sentence on Count One was 52 months less than the low-end of the advisory guideline range. Granting early release now would create unwarranted sentencing disparities. See United States v. Shelden, No. 2:18-cr-00237-JAD-PAL, 2021 WL 3288597, at *2 (D. Nev. July 30, 2021) (Dorsey, J.) ("[G]ranting early release would amount to a several-level downward variance, creating an unwarranted sentencing disparity."); See also United States v. Hernandez, No. CR14-5105 BHS, 2021 WL 1313173, at *4 (W.D. Wash. Apr. 8, 2021) (Settle, J.) ("[Compassionate] [r]elease now would also result in an unwarranted sentencing disparity.").

While the Court commends the Defendant's efforts to rehabilitate in a custodial setting, these efforts are expected milestones as one of the purposes of a duly imposed sentence is to "provide the defendant with needed educational or vocational training[.]" 18 U.S.C. § 3553(a)(2)(D). See also United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) ("Most nonviolent criminals maintain good disciplinary records; that [a defendant] fits the norm is not extraordinary."). The Defendant's rehabilitation efforts, when considered together with the other factors raised by the Defendant as well as the

rest of the § 3553(a) factors, do not rise to the level of being "extraordinary and compelling reasons" to grant her motion for compassionate release. See United States v. Buzio Sanchez, No. CR 13-00513 JMS (02), 2021 WL 3409186, at *6 (D. Haw. Aug. 4, 2021) (Seabright, C.J.) ("Although [defendant's] educational and rehabilitation efforts while in prison are certainly commendable, they do not justify compassionate release when considered along with the other § 3553(a) factors."); See also United States v. Menchaca, No. 12-CR-00454-PJH-1, 2021 WL 3271315, at *4 (N.D. Cal. July 30, 2021) (Hamilton, J.) ("While the court finds defendant's rehabilitative efforts laudable, they do not constitute extraordinary and compelling circumstances warranting compassionate release, either alone or in combination with the other circumstances identified by defendant.").

Finally, in concluding that compassionate release is not warranted in this case, the Court does not mean to diminish the Defendant's efforts to rehabilitate and provide community service within a custodial setting. Rather, the Court commends the Defendant for her efforts to better herself while in custody but notes that such progress when weighed with the § 3553(a) factors do not rise to the level of being "extraordinary and compelling reasons" to grant compassionate release. Nevertheless, the Defendant's efforts are not without benefits as the BOP is authorized to award good time credit under Title 18 U.S.C. § 3624. See Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019) ("A federal prisoner who is serving more than a one-year term of imprisonment may earn good time credit toward his or her sentence so long as the prisoner 'display[s] exemplary compliance with institutional disciplinary regulations.' 18 U.S.C. § 3624(b)"). The Court encourages the Defendant to continue on the path to rehabilitation as it would ultimately benefit her in the long run.[5]

## Conclusion

After taking into consideration the pandemic, the combinations of factors raised by the Defendant, and the underlying criminal conduct, and after consulting the §

---

[5] The Defendant's projected release date is May 15, 2025. (Doc. No. 1214 at 6.)

3553(a) factors, the Court concludes that there are no "extraordinary and compelling reasons" to justify compassionate release in this case or a partial reduction of the sentence imposed. Even if the factors raised by the Defendant constituted "extraordinary and compelling reasons" to justify compassionate release, the Court concludes that granting early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct as set forth under § 3553(a). Accordingly, after considering the Defendant's motion and applying the relevant law and legal standards, and based on the current record, the Court DENIES the Defendant's motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

DATED: September 24, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE